## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

KEISHA A. HOGAN,

       Plaintiff,

v.

CAROLYN W. COLVIN,
Acting Commissioner of the Social
Security Administration,

       Defendant.

Civil Action No. 20-00940 (ACR)

## <u>MEMORANDUM OPINION AND ORDER</u>

Plaintiff Keisha A. Hogan sues Defendant Carolyn W. Colvin, Acting Commissioner of the Social Security Administration,[1] seeking to reverse a final decision by an Administrative Law Judge (ALJ) denying Plaintiff's claims for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 405(g), 1383(c)(3).  Dkt. 1.  Defendant moves to affirm the ALJ's decision.  Dkt. 16.

The Court referred the case to Magistrate Judge Moxila A. Upadhyaya.  Dkt. Notice (Aug. 29, 2022).  The Magistrate Judge subsequently issued a Report and Recommendation (R. & R.) proposing that the Court dismiss Plaintiff's motion for judgment of reversal, Dkt. 14, and grant Defendant's motion for judgment of affirmance, Dkt. 16.  Dkt. 20.  The Magistrate Judge advised the parties that "any party who objects to a [R. & R.] must file a written objection with the Clerk of Court within 14 days of the party's receipt of the [R. & R.]."  Dkt. 20 at 19; *see* Fed.

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Acting Commissioner Colvin substituted her predecessor as Defendant in this case.  *See* Fed. R. Civ. P. 25(d).

R. Civ. P. 72(b); LCvR 72.3(b).  Plaintiff filed timely objections, Dkt. 21, to which Defendant responded, Dkt. 22.

Upon consideration of the R. & R., Plaintiff's objections, the applicable case law, and the entire record, the Court **OVERRULES** Plaintiff's objections.  And for the reasons stated below and in the Magistrate Judge's R. & R., the Court **DISMISSES** Plaintiff's motion for judgment of reversal, Dkt. 14, and **GRANTS** Defendant's motion for judgment of affirmance, Dkt. 16.

## I.    BACKGROUND

Plaintiff applied for DIB and SSI benefits on August 25, 2016, claiming she was disabled due to depression, bipolar disorder, and diabetes.  Dkt. 13-2 at 16; Dkt. 13-3 at 4.  Plaintiff asserted that her disability began on January 1, 2016, at age 32.  Dkt. 13-2 at 18.  Defendant denied Plaintiff's application twice: first on June 30, 2017, and upon reconsideration on September 6, 2017.  *Id.* at 16.  Plaintiff subsequently filed a request for a hearing, which an ALJ held on March 19, 2019.  *Id.*  The ALJ heard live testimony from Plaintiff and Mark Pinti, a vocational expert.  *Id.* at 59.

The ALJ issued her decision on April 11, 2019, *id.* at 13, finding that Plaintiff was not disabled and could perform a significant number of jobs.  *Id.* at 27.  The ALJ's findings tracked the five-step sequential evaluation process established by the Commissioner of Social Security for assessing a claimant's alleged disability.  *See id.* at 18–27; *see also* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).  Of particular import here are Steps 4 and 5, which require that the ALJ assess the claimant's residual functional capacity (RFC).[2]  *Hall v. Kijakazi*, No. 20-cv-

---

[2] The RFC is "what an individual can still do despite his or her limitations" and requires an assessment "of the extent to which an individual's medically determinable impairment(s), including any related symptoms . . . may cause physical or mental limitations or restrictions that may affect his or her capacity to do work-related physical and mental activities."  SSR 96-8p, 1996 WL 374184, at *2 (July 2, 1996).

2073, 2022 WL 343504, at *2 (D.D.C. Feb. 4, 2022) (citing 20 C.F.R. § 416.920(e)).  At Step 4, the ALJ determined that Plaintiff had the RFC to perform a full range of work at all exertional levels with some non-exertional limitations.  Dkt. 13-2 at 21.  And at Step 5, the ALJ determined that Plaintiff could perform a significant number of jobs in the national economy.  *Id.* at 27.  In concluding Plaintiff was not disabled, the ALJ reviewed opinion evidence on Plaintiff's mental impairments from Dr. Janet Brandon, Dr. Patricia Cott, Dr. James Arnold, Dr. Emily Zucker, and Licensed Clinical Social Worker Jason Willis.  *Id.* at 24–26.  The ALJ's decision became final on February 6, 2020, when the Appeals Council denied Plaintiff's request for review.  *Id.* at 2–7.

Plaintiff filed this action on April 9, 2020, and moved to reverse the ALJ's decision on October 12, 2020.  Plaintiff made two arguments: (1) that the ALJ failed to provide a sufficient explanation for her decision to give less than controlling weight to the opinions of Plaintiff's treating physician, Dr. Zucker, and (2) that the ALJ failed to properly evaluate the other mental health opinion evidence of record.  Dkt. 14-1 at 7–14.  Both arguments assign error to the ALJ's formulation of Plaintiff's RFC.

The Court referred the case to Magistrate Judge Upadhyaya for full case management, up to and excluding trial, on August 29, 2022.  Dkt. Notice (Aug. 29, 2022).  The Magistrate Judge issued her R. &. R. on January 6, 2023, finding both that substantial evidence supported the weight the ALJ afforded to Dr. Zucker's opinions and that the ALJ properly relied on the regulatory factors for evaluating opinion evidence.  Dkt. 20 at 10–16.  The Magistrate Judge recommended that the Court dismiss Plaintiff's motion for judgment of reversal, Dkt. 14, and grant Defendant's motion for judgment of affirmance, Dkt. 16.  Dkt. 20 at 2.

Plaintiff objected to the Magistrate Judge's R. & R. on January 20, 2023. Dkt. 21. Defendant responded to Plaintiff's objections on February 3, 2023. Dkt. 22. The Court Clerk subsequently reassigned this case to the undersigned. Dkt. Notice (Feb. 24, 2023).

## II.    LEGAL STANDARD

### A.  Magistrate Judge Recommendations

A district court "shall make a de novo determination of those portions of a magistrate judge's findings and recommendations to which objection is made . . . ." LCvR 72.3(c). Objections must "specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for the objection." LCvR 72.3(b). But "objections which merely rehash an argument presented and considered by the magistrate judge are not properly objected to and are therefore not entitled to de novo review." *Shurtleff v. EPA*, 991 F. Supp. 2d 1, 8 (D.D.C. 2013) (cleaned up). A district court need not review the unobjected portions of a magistrate judge's report. *See Troy v. Colvin*, 266 F. Supp. 3d 288, 293 (D.D.C. 2017).

### B.  Final Decision of the Commissioner of Social Security

A district court reviewing a final decision of the Commissioner of Social Security must affirm the decision if it is based on substantial evidence in the record and the correct application of the relevant legal standards. 42 U.S.C. § 405(g); *Butler v. Barnhart*, 353 F.3d 992, 999 (D.C. Cir. 2004). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Butler*, 353 F.3d at 999 (cleaned up). This standard "requires more than a scintilla, but can be satisfied by something less than a preponderance of the evidence." *Fla. Mun. Power Agency v. FERC*, 315 F.3d 362, 365–66 (D.C. Cir. 2003) (cleaned up). Substantial evidence is a "low bar," *La. Pub. Serv. Comm'n v. FERC*, 20 F.4th 1, 7 (D.C.

Cir. 2021), and "requires considerable deference to the decision rendered by the ALJ," *Crosson v. Shalala*, 907 F. Supp. 1, 3 (D.D.C. 1995).

On review, a district court may not reweigh the evidence. *See Butler*, 353 F.3d at 999. Instead, it must "carefully scrutinize the entire record to ensure that the Commissioner, through the ALJ, has both analyzed all of the evidence available and has sufficiently explained his/her reasoning and the weights given to the facts." *Pinkney v. Astrue*, 675 F. Supp. 2d 9, 14 (D.D.C. 2009). Even if a district court perceives error, it must "affirm the Commissioner's decision unless the error is prejudicial." *Saunders v. Kijakazi*, 6 F.4th 1, 4 (D.C. Cir. 2021).

The plaintiff "bears the burden of demonstrating that the Commissioner's decision [is] not based on substantial evidence or that incorrect legal standards were applied." *Settles v. Colvin*, 121 F. Supp. 3d 163, 169 (D.D.C. 2015) (cleaned up).

## III.    ANALYSIS

Plaintiff raises three objections to the Magistrate Judge's R. & R. under the heading "[t]he ALJ violated the treating source rule by failing to provide good reasons for rejecting Dr. Zucker's treating opinions." Dkt. 21 at 2. The heading itself is a reargument of an issue Plaintiff raised in her initial reply and brief. *See* Dkt. 14-1 at 7–11; Dkt. 18 at 2–4. But because Plaintiff's three objections "specifically identify the portions" of the Magistrate Judge's R. & R "to which objection is made," *see* LCvR 72.3(b), the Court reviews each of Plaintiff's objections de novo, *see* LCvR 72.3(c).

### A. First Objection

First, Plaintiff argues that the Magistrate Judge engaged in *post hoc* rationalization when she observed that Plaintiff's hearing attorney "coaxed" her into testifying that her mental limitations caused her work absences. Dkt. 21 at 3. The Magistrate Judge's observation,

Plaintiff suggests, improperly attributed to the ALJ an argument the ALJ did not make in her decision. *Id.*

But the Magistrate Judge's observation is dicta. The Magistrate Judge's factual findings—with which the Court agrees and hereby adopts—relied on "substantial evidence" discussed by the ALJ and supportive of the ALJ's conclusions. *See Butler*, 353 F.3d at 999. The ALJ acknowledged Dr. Zucker as Plaintiff's treating physician[3] and provided reasons for not giving controlling weight to Dr. Zucker's medical note regarding Plaintiff's absenteeism.[4] Principally, Dr. Zucker's medical note was inconsistent with Plaintiff's testimony: while the note never mentioned an issue with Plaintiff's hands, Plaintiff testified mainly about calling "out [of work] a lot" because of her hands. Dkt. 13 at 44.

Only after filing this suit did Plaintiff contend her absenteeism stemmed from her mental health limitations. Dkt. 14-1 at 9. As the ALJ explained, "the [Plaintiff's] statements concerning

---

[3] Opinions by treating physicians "are entitled to controlling weight if they are not inconsistent with other substantial record evidence and are well-supported by medically acceptable clinical and laboratory diagnostic techniques." *Butler*, 353 F.3d at 1003 (citing 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2)) (cleaned up). The D.C. Circuit construes this rule as a presumption in favor of treating physicians' opinions. *See Poulin v. Bowen*, 817 F.2d 865, 873 (D.C. Cir. 1987). The presumption "can be rebutted . . . if the treating physician's opinion is contradicted by substantial evidence." *See Bennett v. Saul*, No. 18-cv-1745, 2019 WL 5549815, at *8 (D.D.C. Oct. 27, 2019) (cleaned up). If conflicting evidence exists, the ALJ decides whether to credit or discount the treating physician's opinion. *See Smith v. Astrue*, 534 F. Supp. 2d 121, 132 (D.D.C. 2008). In all cases, the ALJ must "give good reasons" for her decision. 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). The ALJ's reasons must be "sufficiently specific to make clear to [the Court] . . . the weight the [ALJ] gave to the treating source's medical opinion . . . ." SSR 96-2p, 1996 WL 374188, at *5 (July 2, 1996).

[4] An ALJ who declines to afford controlling weight to the medical opinion of a treating physician shall consider: (1) the length of the treatment relationship and the frequency of examination, (2) the nature and extent of the treatment relationship, (3) the evidence that supports the treating physician's report, (4) the degree of consistency between the treating source's opinion and the record as a whole, (5) the specialization of the source in contrast to the condition being treated, and (6) any other significant factors. 20 C.F.R. § 404.1527(c)(2)(i)–(ii), (3)–(6); *see generally* § 416.927(d)(2).

the intensity, persistence, and limiting effects of [her] symptoms are not entirely consistent with

the medical evidence and other evidence in the record . . . ." Dkt. 13-2 at 23. When asked what

problems kept her from working, Plaintiff stated that she could not work "due to her hands and

difficulty taking her medications." *Id.* And although Plaintiff's representative emphasized how

Plaintiff's jobs have always ended due to her health, Plaintiff "repeatedly stated this was due to

her hands." *Id.*

For these reasons and those in the Magistrate Judge's factual findings, the Court finds

that substantial evidence supports the ALJ's decision to exclude the absenteeism limitation from

Plaintiff's RFC.

### B. Second Objection

Second, Plaintiff argues that the Magistrate Judge let the ALJ "off the hook" for leaving

out Dr. Zucker's absenteeism limitation from its calculation of Plaintiff's RFC. Dkt. 21 at 4.

Not so. The Court agrees with the Magistrate Judge that the ALJ sufficiently explained

her reasons for declining to include the absenteeism limitation. Dkt. 20 at 11; Dkt. 13-2 at 22–

26. The ALJ was not required to expressly state her reasons for discounting the absenteeism

limitation from Dr. Zucker's opinion because her rationale for doing so is apparent from the

remaining portions of her decision—including the portions cited above. *Colter v. Kijakazi*, No.

CV 20-0632, 2022 WL 715218, at *11 (D.D.C. Mar. 10, 2022).

In her decision, the ALJ explained that she reviewed the longitudinal record and found

that Plaintiff's physical complaints were not entirely consistent with the record—which failed to

corroborate any exertional limitations or limitations related to diabetes, but instead documented

Plaintiff's non-compliance with treatment. Dkt. 13-2 at 24; Dkt. 13-7 at 43–45; Dkt. 13-9 at 58.

Thus, the ALJ reasonably concluded that Plaintiff's alleged physical limitations would not cause

the level of absenteeism opined by Dr. Zucker.  *Petty v. Colvin*, 204 F. Supp. 3d 196, 210 (D.D.C. 2016) ("A reasonable person could infer that a claimant's failure to seek medical treatment shows that his allegations of disabling symptoms may be exaggerated."); *see also Goodman v. Colvin*, 233 F. Supp. 3d 88, 108 (D.D.C. 2017).  Next, the ALJ afforded "great weight" to Dr. Arnold's assessment of only "mild" limitations in Plaintiff's ability to sustain regular work attendance based on Plaintiff's ability to attend weekly doctors' appointments and therapy.  Dkt. 13-2 at 25; *see also id.* at 21, 53.

For these reasons and those in the Magistrate Judge's factual findings, the Court finds that the evidence substantially supports the ALJ's conclusion that Plaintiff's mental health impairments would not cause the level of absenteeism opined by Dr. Zucker.

### C.  Third Objection

Third, Plaintiff argues that the Magistrate Judge factually erred in concluding that no other opinions documented issues with absenteeism because Dr. Arnold did in fact document "mild" issues with absenteeism, and state agency consultants found that Plaintiff would be moderately limited in her ability to complete a normal workday or workweek.  Dkt. 21 at 4.

Again, not so.  The Magistrate Judge addressed both arguments head-on.  As for Dr. Arnold, the Magistrate Judge explained—and the Court agrees—that a "mild" limitation represents only a minimal limitation that is not severe, and that the ALJ's findings that Plaintiff attended weekly therapy and doctors' appointments undermined Dr. Zucker's opinion that Plaintiff would be absent from work two days per month.  Dkt. 20 at 15.  As for the state agency consultants, the Magistrate Judge explained—and the Court agrees—that the consultants' assessment did not suggest that Plaintiff would be absent on a regular two-time-per-month basis,

but instead that Plaintiff was "not significantly limited" in maintaining regular attendance.  Dkt. 20 at 14–15 (citing Dkt. 13-3 at 12, 40).

The ALJ reasonably accounted for Plaintiff's mental health limitations by limiting Plaintiff to simple and routine tasks in a low-stress job with only occasional interaction with supervisors, occasional brief and superficial interaction with co-workers with no tandem activities, and no interaction with the general public.  Dkt. 13-2 at 23.  The ALJ stated that she assessed these limitations to account for Plaintiff's difficulties with concentration, her memory problems, and her social withdrawal.  *Id.* at 20, 23.  In short, the ALJ reviewed the record, Plaintiff's testimony, and the medical opinion evidence—including Dr. Zucker's opinion—and found that the evidence did not support the two-day-per-month absenteeism limitation.  *See Turner v. Colvin*, 964 F. Supp. 2d 21, 29 (D.D.C. 2013) (affirming ALJ's decision that "gave good reasons with sufficient specificity for why [the ALJ] rejected [the treating physician's] two-day absence opinion").

For these reasons and those in the Magistrate Judge's factual findings, the Court finds that the ALJ's decision is based on "substantial evidence."  *See Butler*, 353 F.3d at 999.

### IV.    CONCLUSION & ORDER

For the reasons stated, and upon consideration of the R. & R., the findings of the ALJ, and the entire record, it is hereby

**ORDERED** that Plaintiff's Objections to Magistrate Judge Upadhyaya's Report and Recommendation are **OVERRULED**.  It is further

**ORDERED** that Magistrate Judge Upadhyaya's Report and Recommendation is **ADOPTED IN FULL**.  It is further

**ORDERED** that Defendant's Motion for Affirmance is **GRANTED** and Plaintiff's Motion for Reversal is **DENIED**.

**SO ORDERED.**

This is a final appealable order.  *See* Fed. R. App. P. 4(a).


Date: January 15, 2025                          _____
                                                ANA C. REYES
                                                United States District Judge